UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

CHARLES MONTAGUE, )
 )
   Plaintiff, )
 )
v. ) No. 2:14-CV-292-RLJ
 )
DERRICK SCHOFIELD, *et al.*, )
 )
   Defendants. )

## MEMORANDUM OPINION

This pro se prisoner's civil rights action pursuant to 42 U.S.C. § 1983 is before the Court upon Plaintiff Charles Montague's amended complaint [Doc. 126]. Because Plaintiff was proceeding *in forma pauperis*, the Court screened the original complaint, noted that it was rife with deficiencies—one major deficiency was that Plaintiff had not asserted any personal injury as a result of the constitutional infringements alleged therein—and found that he had failed to state an actionable claim in his pleading [Doc. 102]. Noting that the complaint had been drafted under the premise that it would proceed as a class action, the Court granted Plaintiff leave to file an amended complaint in accordance with *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (ruling that "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA") [*Id.* at 31].

The amended complaint, like the original complaint, must be screened to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If the amended pleading does not state a claim, is frivolous, is malicious, or seeks monetary relief from a defendant who enjoys immunity from money damages, this entire suit must be

dismissed. In performing its task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations and internal quotation marks omitted).

Unless a plaintiff nudges his claims "across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570. The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

2

In his amended complaint, Plaintiff principally reasserts the allegations which the Court found wanting in its screening order, but he has not corrected the deficiencies or provided any explanation as to how the claimed wrongful housing conditions and treatment to which he purports to have been subjected at the Northeast Correctional Complex has caused him personal injury. Therefore, for the reasons set forth in the screening order [Doc. 102], all claims alleged in the amended complaint, which, as the Court has pointed out, are mere iterations of his previous deficient allegations, fail to state constitutional claims.

One claim, however, requires further discussion. Plaintiff maintains that the caloric and nutritional content of the food he is served falls below minimum standards (i.e., 2,200 calories daily); that he is served a lesser amount of food or less nutritious fare on the weekends; and that these deprivations have caused him to lose weight, experience difficulties in concentrating, and lose muscle mass and that they also have caused his immune system to weaken [Doc. 126 pp. 6, 16]. Plaintiff claims that "there is no legitimate penological interest in refusing to provide him with [n]utionally adequate food" [*Id.* at 16-17].

Plaintiff sues Defendant Benny Townsend, Food Service Manager at the prison, in his official capacity, asserting that this Defendant "is responsible for the daily nutrition[al] intake of the inmates as well as all ordering and maintaining of the 2,200 calories diet at Northeast Correctional Complex" [*Id.* at 2-3]. Plaintiff also contends that Defendants Derrick D. Schofield and Gerald McAllister, in their official capacities, "have intentionally failed to provide the plaintiff[] nutritionally adequate food and have cut plaintiff's] food calories below 2,200 per day" [*Id.* at 11]. Plaintiff would have the Court order the Tennessee Department of Correction ("TDOC") to "comply with Dietary Guidelines for Adult Male Americans (2010 Ed.) and to

3

supply inmates least 2,300 calories per day of nutritionally adequate meals, weekends included" [*Id.* at 19].

Under the Eighth Amendment, prisoners must be provided meals nutritionally sufficient to sustain their normal health. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) (inmates must be provided "well-balanced meals, containing sufficient nutritional value to preserve health"). However, while the Sixth Circuit has not established a set number of calories to be provided in an inmate's diet, *Welch v. Spaulding*, 627 F. App'x 479, 482 (6th Cir. 2015), it has affirmed a district court's finding that a daily diet of 2,000 to 2,500 calories for fifteen days is sufficient to maintain normal health. *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (per curiam).

Here, Plaintiff does not indicate the length of time he has been served a diet which contains less than 2,200 calories a day. *See Welch*, 627 F. App'x at 483 (noting that "the question of whether a prison official has knowingly provided a nutritionally inadequate diet is a fact-specific inquiry that requires consideration of, inter alia, daily caloric content, duration of the diet, and the nutritional needs of the prisoner"); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (stating that "[w]hether the deprivation of food falls below [the 'minimal civilized measure of life's necessities'] depends on the amount and duration of the deprivation" (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3(5th Cir. 1998)).

Furthermore, in a second amended complaint, which Plaintiff was not granted leave to file, he contends that he is being served "biscuits to make up the calories which is causing the plaintiff to appear fat around the stomach" [Doc. 135 p. 15]. Needless to say, Plaintiff's contention that he is losing weight—a contention clearly intended to convey that he has sustained personal injury from the lack of calories in his prison fare—is at odds with his assertion that he is

4

getting fat from consuming biscuits, which are being supplied to him to make up for a calorie deficiency in his food. Plaintiff cannot be losing weight and, at the same time, be getting "fat." Put simply, these allegations are inconsistent.

Because Plaintiff has submitted inconsistent factual allegations as to how he has been affected by being furnished a prison diet containing less than 2,200 calories per day, his factual allegations with respect to that issue are not well-pleaded and will not be assumed to be veracious. *See Iqbal*, 556 U.S. at 679; *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1325-26 (Fed. Cir. 1998) (agreeing that the district court was not required to accept as true inconsistent allegations contained in a second amended complaint); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997) (observing that a court need not accept as true "factual claims that are internally inconsistent"); *see also Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995) (noting that allegations in a complaint are binding and that a plaintiff can plead himself out of court by pleading facts that show he has no claim). The Court concludes that Plaintiff has not nudged his insufficient-food claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's amended complaint does not state a claim for relief and that this case should be dismissed on that basis. 28 U.S.C. § 1915(e)(2)(B); § 1915A(a).

**AN APPROPRIATE ORDER WILL ENTER.**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE

5

Case 2:14-cv-00292-RLJ-MCLC   Document 138   Filed 07/19/16   Page 5 of 5   PageID #: 719